Next case on our call this morning is agenda number 20, case number 105-648, Daniel Gutman v. Mary Gutman. We almost lost you. Mr. Hurst, you may proceed. Chief Justice Fitzgerald, Justices, may it please the Court, my name is Brian Hurst and along with my co-counsel, Olga Robel, we represent the appellant in this case, Mary Gutman. The issue before this Court is whether a petition for rule to show cause, which remains pending and undetermined before the trial court, constitutes a claim for relief within the purview of Supreme Court Rule 304A. If this Court determines that an unresolved petition for rule is a claim for relief, then this Court should overturn the holding of the Second District in this case. In fact, the analysis which we urge today has already taken place within the Second District itself, and the majority of the Second District now agrees that the holding in Gutman was in error. As demonstrated by a spate of recent decisions in the past 12 months, the circumstances of this case are not uncommon in post-decreed dissolution actions. In this case, there were three post-decreed petitions, one of which was a petition for rule to show cause. An order was entered by the trial court resolving two of the petitions, but not the petition for rule. Mary filed her notice of appeal prior to the resolution of the rule. The appellate court in the Second District dismissed Mary's appeal, finding that the petition for rule was a special proceeding and not a claim for relief within the meaning and intent of Section 304A. Accordingly, the appellate court determined that a 304A finding was not a necessity. Some nine and a half weeks later, the Second District was again presented with identical circumstances in a case called In re the Marriage of Knorr, and then again three months later in a case called In re the Marriage of Schweiger. In Knorr, as in Gutman, the trial court entered an order resolving all of the pending post-decree matters, except for a petition for rule, which remained pending and undetermined. The Knorr court engaged in an analysis identical to that of the Gutman court and found that the Gutman analysis to be flawed. That analysis depends on whether or not a petition for rule is a claim. The Knorr court took the extraordinary action of overturning the Gutman panel, a panel within the same district. Can they do that? Do they have the authority to overturn? Or is it just a case, a matter of them disagreeing one panel to the next? Well, that's an interesting question, Justice Burke. If you were to shepherdize the Gutman case, you will find that it is red flagged. And the language that was used by the Second District in Knorr said that they were specifically overturning it. Do they have the authority to? The answer to that is I don't know. What I do know is that their decision in Knorr had no bearing and had no impact on the decision in Gutman. What it appears to represent is an abandonment of the principle that was enunciated in Gutman and, in fact, a return to what the law in the Second District and other districts within Illinois had been prior to the Gutman decision. Mr. Hurst, regardless of whether or not there's a second panel that overrules or the Second District will now follow the latest case or whether there's just two panels that disagree, let's just say that we agree with the more recent appellate court case out of the Second District, which is your position. Then I would be very satisfied. Why would this court then not affirm the appellate court but on different grounds? Because there was no 304A finding, right, in this case? That is correct. So if there wasn't any 304A finding, how would you address the fact that Mary's appeal would appear to be premature without a 304A finding? And that is the crux of the matter for us. If this court were to follow the reasoning in Gutman, then our case is over. If the court follows the holding of the Second District in Knorr, then we are premature and we have the opportunity to pursue our matters upon the resolution of the rule in the trial court. For us, that is a major distinction. On what basis, then, would this case be sent back to the trial court? Let me frame the question again. We disagree with the appellate court, but we affirm on the basis that there was no 304A finding, and since there was no 304A finding, in that case your appeal was premature. So you're saying you should be able to go back to the circuit court then and then assert an appeal now on that? I know there's an abandonment issue here, too, but separate and aside from the abandonment of the case, what justification would there be for this court to grant you that relief? Setting aside the issue of the waiver, the justification would be found in the court's amendment of 303A, which is that where a notice of appeal is filed prematurely, the jurisdiction has invested. And if this court finds that the Gutman court was in error and, in fact, affirms on the basis that the appeal was premature, not late, then we are in a position that upon the resolution of the petition for rule, appellate jurisdiction would then vest on the resolution of the prior decided matters. That's what we are seeking. It is not a matter of remanding this to the second district for the resolution of the underlying appeal. There is no dispute, as I'm aware of based on my reading of Mr. Storm's brief, that the appeal was untimely. It is our position that the appeal was premature and that the Gutman court's decision deprives us of the right to pursue our remedies under 303A based on the resolution of the petition for rule. Is Daniel Gutman arguing that Mary has abandoned her contempt proceeding? Abandoned. That argument was raised for the first time in Mr. Storm's, in Mr. Gutman's brief to this court. Well, how is this court treated? Do we treat it as dismissed? I don't think that there is. Based on the fact that the standard review in this case is de novo, we don't believe it would be appropriate for the court to make, this court to make a determination that the appeal, that that petition for rule was either abandoned, dismissed, or otherwise. There is no support in the record for the contention that the petition for rule was abandoned. It remains pending. Well, then it's still pending. That is correct, Your Honor. Would it have been possible for her to obtain a judgment in her favor on the contempt petition after he succeeded with his petition to terminate maintenance? If the question is phrased, is it possible? Yes. I suppose anything is possible. Is it likely? I would say to you as a trial lawyer that Mr. Gutman's prospects of defending that petition for rule are good. But the underlying matter is that the rule remains pending. And for this court to look at that waiver argument, I think, would really mitigate against what the purpose of Rule 304A is. Well, wouldn't that be more looking at whether there really was a claim for relief pending or whether or not, I mean, in reality? In reality. Should we look at, I mean, are we looking at the realism of it or are we going to look at, or should we look at the theory of it? If the court were to look at that issue, the precedent that would be set by that, Justice Garmon, would be that the appellate court would always be able to look to the substance of the pleadings that are pending. And so you're taking away from the trial court this discretion that this court is granted under 304A to determine which issues are severable and which are appealable immediately or which have to wait. And so to put a burden either on this court to look behind any of the pending matters sets a precedent for other courts to then look behind the matters that are pending as to whether or not the appellate court agrees with the trial court's 304A finding. And that would create a backlog for the efficiency of the appellate court. It shouldn't be incumbent upon the appellate court to revisit whether or not the trial court's order of the 304A language was proper. Was 304A language requested? No, not in this case. So if your claim is abandoned, it would end. If we determined that the claim was abandoned, then it ends right here. If we determined that the appellate court here was wrong, you're requesting that it go back because the appeal would then be premature under that analysis. And I suspect there is something in 304A. There seems to be an argument that could be made that the ruling on Daniel's maintenance petition and the finding of cohabitation could yet be changed in the circuit court, right, which would be your hope, and then you could appeal it altogether. Since there wasn't a final order, I suspect the trial court could change its determination on that petition. That's another possibility. That is conceivable. But as to the issue of the waiver, the cases that are cited, there is no support in the, as I said earlier, there's no support in the record as to the abandonment of this issue. From a litigation standpoint, there is no question that the priority in this case dealt with the cross petitions to extend maintenance and to terminate maintenance. Aren't they so intertwined, though, that they're inextricable, they can't be separated out? That is probably true. These issues are absolutely interrelated, which goes to the very purpose of Rule 304A, which is for the trial court to make a determination. But are all contempt petitions, should we treat all contempt petitions the same way? Or does the fact that the contempt petition to litigate substantive issues in the post-dissolution context justify treating them as a real claim for relief? We believe that you have to treat them all as claims. Because if the court doesn't treat them all as claims, then, again, it puts the onus on the appellate court to make the determination as to whether it is a claim or not, as opposed to the trial court. And I think it's well settled that the trial court is in the best position to make a determination as to the severability or lack of severability of these issues. And that's the whole point behind 304A. It is also worth noting that three months after the decision in the Noor case, the same facts and circumstances were presented in a case called Inouye the Marriage of Schweiger. The Schweiger case was decided consistently with the court's holding in Noor. What makes Schweiger remarkable is the special concurrence of the author of the Gutman case, where he addresses the issues that are raised by Noor, pleads a defense, and then says, in the interest of judicial harmony, I will concede my point and bend to the will of the court. Now, that is consistent. The two decisions that followed Gutman are consistent with the decisions that were the rule in the Second District and elsewhere prior to Gutman. There is the case of Inouye the Marriage of El Yasser, which involved the same set of circumstances. You had multiple post-decree claims pending. Those get resolved with the exception of a petition for rule. In El Yasser, the Second District decided that those issues were not appealable in the absence of 304A language until that rule was resolved. That approach has been adopted in the Fourth District, in Inouye the Marriage of Gaudio, and by the First District in Inouye the Marriage of Carrillo. And the issue becomes, then, how do we determine what is a claim for relief within the meaning and intent of rule 304A? I think the answer is that we look to this court's prior decisions as to what is a claim. Now, as early as 1958, and in fact, before that, this court defined a claim. It's when a judgment or decree determines fewer than all of the rights or liabilities in issue, or fewer than all of the matters in the case. A claim, as this court held in Marsh v. Evangelical Covenant Church, a 1990 Supreme Court case, defined a claim as any right, liability, or matter raised in an action. If an order does not resolve every right, liability, or matter raised, it must contain an express finding that there is no just reason or cause for delaying an appeal. Otherwise, the order is not appealable. And there are unique circumstances that are presented to this court that go to your question, Justice Burke, as to do we look at the substance of the rule. And in post-decree matters, unlike other areas of law, it is possible to have multiple successive matters that relate to custody, visitation, support, decision-making, and the like, and often those things involve petitions for rule. Mr. Hurst, I think I misspoke when I asked you that first question. I believe in your briefs, and that's where I was a little confused, and I think you're correct if we find, as the second appellate district did in the other cases, that it is a claim and a 304A finding was required, it would go back to the circuit court, right? Correct. But I thought in your brief you may have asked for relief that would send it back to the appellate court, and that's what I was confused on. If I did, then that was an error. I think if this court adopts our position and holds consistently with the second district in Noor, then the proper determination is that the appeal should have been dismissed as premature. I could be wrong on that, but I did think you thought you mentioned appellate court. Well, I think in your reply brief you did ask it to be sent back to the district with instructions to hear the appeal on the merits once the pending petition for rule is resolved in the trial court in accordance with 303A. That's correct. So you are asking it to go back to the? I suppose what I'm asking for is if the determination is that the appeal is premature, that a finding consistent with 303A2, that the appellate jurisdiction would vest immediately upon the resolution. Well, in other words, the effect of 303A is it resurrects your premature. That's absolutely correct. Once the contempt is resolved. Correct, Your Honor, and that's what we're seeking. To follow up on a question from Justice Burke concerning whether there's been an abandonment of Mary Goodman's petition for contempt, can we take into consideration or does the fact that Mary Goodman filed the appeal while her petition was pending, is that a factor in this case as to whether or not she abandoned the contempt petition? We don't believe so, and if you look at one of the cases relied upon by Daniel Gutman, which is the Cabrera case, that involved a trial court ordering the award of fees without a hearing. An appeal was taken from that, and in the Cabrera case, the court decided that the issue, the hearing on fees was waived and, therefore, it couldn't be presented on appeal. Those facts are an opposite to what you have here. Here you have a rule that remains pending, and it's actually extremely similar to the Knorr case, where that rule remained pending and then was later resolved while the appeal was pending, and the Knorr court took the steps to ensure that even in the event that the petition for rule had been resolved and the 30 days after the resolution of that matter had taken place, that appellate jurisdiction would still vest because of the conundrum. And so you have this issue, which has been recognized by this court, even in the committee comments to Rule 303A, which is that there is a substantial amount of difficulty among practitioners and judges as to what is a claim for the purposes of 304A. And what this case provides this court with is an opportunity, much as you did with the amendment to Rule 303A-2, to provide additional clarity for practitioners to resolve some of that confusion because you have two public policies here. The first public policy, most importantly behind Rule 304, is to avoid piecemeal litigation. The second is that there is a public policy that claims should be adjudicated on their merits and not for technical reasons. And in this case, in the Guttman case, the only person in all of Illinois who has lost her right to pursue the remedies on the merits of her appeal is Mary Guttman. In all of the cases that have been decided after the Guttman decision, the appeal was determined to be premature and the individuals, the litigants, still had the right to have their claims heard. In all of the cases prior to Guttman, the same circumstances, the same holdings were true. While I was waiting my turn to come and make this presentation to you, I noticed the court had a brochure, and in the brochure is a quotation from Theodore Roosevelt that says that no man is above the law and no man is below it. In this case, the only person here who is below the law is Mary Guttman, and we would ask that the court overturn the decision of the Second District, which was based on a misinterpretation of prior holdings, and find that a petition for rule is, in fact, a claim which necessitates a 304A finding. Thank you, Counsel. Mr. Storm, you may proceed. Thank you, Your Honor. May it please the Court. This case comes before the Court under somewhat unusual circumstances. Here, the appellant, the appellee, and the appellate court all agree that appellate jurisdiction is lacking. The difference lies in the reasoning to reach that conclusion. We believe that the appellate court's dismissal of the appeal was correct, but that its reasoning was faulty. The appellate court concluded that a pending civil contempt petition is an original and special proceeding. As such, where all of the other post-decree matters are concluded, an appeal must be taken within 30 days of the conclusion of those other matters, notwithstanding the pendency of the unadjudicated contempt petition. But we disagree. This Court's precedent clearly shows that only a contempt order that imposes a penalty constitutes an original special proceeding, as that term has been used consistently in this Court's precedent for many years. Therefore, where a contempt petition remains pending and unadjudicated, the other post-decree matters are not necessarily immediately appealable, as the appellate court found in this case, and that was the basis of the appellate court's finding here. However, the reason that we agree with the appellate court's conclusion while disagreeing with its reasoning is because we disagree also with its finding that Mary's contempt petition was, in fact, pending at the relevant times. Let me stop you there, Mr. Storm. So, as I understand, if we affirm the appellate court on a different basis, namely that a 304A finding was required, and find that 304A finding is required, if we affirm just on that basis and disagree with your abandonment argument, it would go back to the trial court, presumably, to give the appellant another chance at that claim. And let me just put the second part, and tell me where I may be wrong. If we agree with the appellate court's ultimate ruling in the case that the appeal should be dismissed and also agree with your abandonment analysis, then it would end right here. Is that a fair statement or not? Tell me where I'm wrong. The answer to both questions is yes. In the first instance, the effect of the court's holding would be to find that the appeal was premature and that, in fact, jurisdiction never divested from the trial court because there was never proper appellate jurisdiction which vested. In that case, the case is right back where it properly had been in the trial court, and yes, that would permit Mary to proceed with her contempt petition. On the other hand, adopting our argument, which is that the contempt petition has, in fact, been abandoned by Mary, that would indicate then that the appeal was late, and, of course, a late appeal can't be resurrected at this point. And that is really the only issue that there's any real legitimate point of contention. I think that's probably a fair statement, Your Honor. Whether we are talking here about an early appeal or a late appeal, as I mentioned, everybody seems to admit that we don't have a timely appeal. And the reason that we have that bone of contention over the contempt petition, I think is a difference in reading the record in this case. Counsel has indicated that there is nothing in the record to suggest that Mary abandoned her contempt petition, and I would have to disagree with that. I think everything relevant in the record indicates that Mary has abandoned her contempt petition. The last document of record to make reference to that contempt petition was an order that was entered on January 4, 2005, setting a hearing. It wasn't mentioned. It wasn't brought up after that by Mary. Mary did not make any reference to the contempt petition when she filed her motion to vacate. She didn't make any reference to the contempt petition in her motion to reconsider the trial court's denial of her motion to vacate. And, in fact, Mary didn't even make any reference to that contempt petition in the record of this case that she asked to be prepared. The contempt petition and the matters relating to that appear only in a supplemental record that I ordered in the Second District. Now, one of the Excuse me. I'm sorry. About that contempt petition, it has not been voluntarily dismissed, nor did you ask it to be dismissed, and nor did Mary ask it to be dismissed. And isn't it the Nineteenth Circuit's rule that the court has the discretion to dismiss the matter, and the court didn't so espontaneously dismiss the matter? So she might not have gone forward on it, but it's still there, isn't it? It's not been dismissed. What the court, what Your Honor says is absolutely correct. There has not been an affirmative step to dismiss the petition. And that's why we're phrasing it in terms of abandonment. Granted, Mary did not specifically state to the court that she didn't intend to pursue it, but case law makes very clear that there comes a point in time when one doesn't have to say that one chooses not to pursue it. But Daniel didn't ask for it to be dismissed as well. I was not the lawyer in the trial court, but that's my understanding from the record. If this case should go back for the contempt proceedings, what could be ordered in the contempt proceedings? My understanding from these dates that the period that's in question, there was no money due. Your Honor is absolutely correct, and that's the very next point that I was coming to, which is even if one concludes that the contempt petition was not withdrawn or dismissed, as we certainly do concede, even if one were to find that the contempt petition were not voluntarily abandoned, the fact of the matter is, and as I think counsel has candidly conceded to this court, the fact of the matter is that the relief sought in the contempt petition is no longer appropriate relief because the contempt petition, to put it in very simple terminology, was to direct that Daniel do something which he is now no longer required to do, which has to do with the payment of maintenance during a particular time. Well, what about what I asked Mr. Hurst earlier, though? And I agree, it's probably unlikely, but since there isn't a final judgment in this matter, there is at least a chance that the judge would change his mind on that, right? I disagree with that, Your Honor, because here we have a situation where the underlying findings that would in fact moot the contempt petition were entered by the judge. In a judgment there was a motion to vacate followed by a motion to reconsider, both of which were denied. I don't believe at this point in time the judge could go back and undo the underlying conclusions that lead to the contempt petition being mooted. Motions to reconsider are based on obvious misinterpretation of law, new law or new facts. Are you saying that there's a jurisdictional problem with a subsequent motion to reconsider if new law or new facts came down prior to that decision? I'm saying that it's unlikely. I'm just saying to make the argument that it's moot, isn't there an outside, outside chance that that decision could be reversed? Your Honor, I'm afraid I have to go more outside than that. I think it's beyond unlikely. I think it's jurisdictionally impossible for the trial court at this point in time. So you're saying that they had 21 days to file a motion to reconsider and there could not be a subsequent motion to reconsider filed based on new law or new facts? Well, we haven't heard any new law or new facts at this point, and even if one could presume that there might be something that comes up, I think the time period is gone at this point, and that becomes then the law of the case that is still the law of the case and moots the contempt petition. And so rather than merely saying, as counsel has conceded – Does that differ from abandon, by the way? Does the legal effect of that differ between the case coming to an end as moot and being abandoned? I think in this case it doesn't make any difference. Theoretically, is there a difference? Yes, because abandonment requires at least some implicit action, if not explicit, by the petitioner. Moot is moot, regardless of whether the petitioner likes it or not. Well, counsel, just to go back to that abandonment, you had mentioned before that the last thing in the record on this is the order setting the petition for hearing. That would also be known as the rule of show cause order, is that correct? There was not a rule entered. Pardon me? There was not a rule entered. So when you say an order was set, that was just a scheduling order? I believe that's correct. Based upon my reading of this record – now, counsel has referred to a rule. Based upon my reading of the record and my recollection of the record, I don't believe that a rule was issued with respect to this particular contempt petition. So here, not only are we not talking about an adjudicated contempt petition, we're not even talking about a rule. We're talking simply about a pending contempt petition. Well, the record will reveal whether it's a rule or not. Correct. On this abandonment point, if the petition and the order setting the date is the only thing in it, how do you establish an objective point or some criteria or criterion on when it's determined to be abandoned? How do we reach that conclusion? This is going to be a situation where every case is different, and you have to look at the procedural process of the case. Here, I suggest to the Court that those criteria are satisfied by the fact that Mary never again raised that issue, even in a motion to vacate, even in a motion to reconsider, and even though Mary proceeded thereafter in terms of this appeal, as if there were nothing more pending in the trial court other than what had been decided. I think that if the Court asks how does one make these distinctions, in this case, the answer is easy. There isn't any distinction. Mary behaved at every relevant point in time as if the contempt petition was no longer a live issue. One follow-up question. Isn't the common practice on how to deal with a stale petition where a circuit court, usually by local rule, sets up a status call and notices up cases for failure to prosecute, and if you don't come in and get it off, the order is entered, the case is closed? We can take judicial notice of the 19th Circuit rules, I'm fairly certain. Is there a local rule on that? I believe there is, Your Honor, very much to the, I don't know the time periods, but very much to the effect that Your Honor is mentioning. And we don't concede that that was ever done. I think to put, not to put too fine a point on it, everybody allowed the contempt petition to fall by the wayside, including the petitioner, including the Court. That leaves us now with the question of whether there has been a factual abandonment or more to the Chief Justice's point, whether it is mooted. And the fact of the matter is, it is mooted by virtue of the underlying findings of the trial. I want to get back to the mooted for just a minute. There is the last sentence of Rule 304A says, In the absence of such finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of judgment adjudicating all the claims, rights, and liabilities of all the parties. Now, it would seem that that sentence would stand for the proposition that that petition could be changed subject to the determination of all the claims, which would now include the contempt. Would that defeat the mootness argument? You know, I think what the Court may be ‑‑ what Your Honor may be suggesting is that there could be a new petition or a different petition or an amended petition, but regardless of what the procedural approach to it is, let's say that in fact ‑‑ Well, he uses revision. Yeah. Any revision is subject to revision at any time before the entry of judgment as to all the claims. I'm just reading the last sentence. It would seem that there is some prospect or possibility, and if that's the case, that would defeat the mootness argument. As unlikely or outside, outside, outside it may be. Well, Your Honor may have brought me back inside a bit by that, but the fact of the matter is, however, whether it is a theoretical possibility, as everyone, including appellant's counsel, has conceded, it is not a likelihood, to put it mildly. But if, in fact, Mary's contempt petition is still a live issue, either by virtue of the fact that it was not abandoned or that it could be revised, as Justice Thomas suggests, that still raises the question of how to handle multiple pending post‑decree claims for relief for purposes of appeal. The second district in the Dugan case, which came after our case, spoke at some length about this question and I believe very accurately identified some of the policy questions that are raised by that issue. That is, very simply, should the litigants or the trial court primarily control appealability? The choices that allow the litigants to control appealability include making the conclusion of claims brought in a single petition, for example, as the finality event, the disposition of those claims. But because of the unique posture of post‑decree proceedings, taking that approach would raise a very real likelihood of piecemeal appeals, which this Court obviously has spoken against many, many times. And it raises another problem as well. Allowing that approach could substantially interfere with the trial court's ability to manage a case, particularly in the post‑decree context, because the trial court is prohibited from modifying an order that's on appeal in such a way that would defeat review. And a pending appeal or even multiple pending appeals could cause effectively a stay in the trial court on post‑decree, on the resolution of post‑decree matters, if the trial court is going to be prohibited from modifying an order in response to a subsequent petition or a related petition. Litigants could even use that sort of appeal strategically. But the better approach and the one that we have advocated is that the trial court should have the dominant voice in determining appealability when only a part of a post‑decree proceeding has been considered or determined. The method of doing so is already very firmly in place and established. That is Rule 304A. Applying that analysis to this case, if Mary's contempt petition were in fact pending or were revivable or revisable, then the 304A appealability language was not entered in this case. And so Mary's appeal would be premature under that analysis. It was correctly dismissed on that basis, although we also urge, of course, that the contempt petition was not pending because it was abandoned or mooted. And under those circumstances, the holding of the second district was correct. But in that sense, it was correct because the appeal was dismissed due to the fact that it was a late appeal. In either event, we ask that the court affirm the dismissal of the appeal. Thank you. I think Mr. Storm's argument regarding the abandonment issue is the kind of argument that proves too much and really speaks to the point that I was trying to make to this court in terms of who is in the best position to make a determination as to whether or not any petition has been abandoned or is mooted. Mr. Storm assails us for not mentioning the petition for rule in our motion to vacate what it was in essence a default judgment on the issue of the maintenance, which makes little sense because we had no purpose in bringing up the petition for rule for the purposes of the motion to vacate. The purpose of the motion to vacate was an attempt to reinstate the case as it related to the underlying maintenance issue. He then says I didn't bring it up in the motion to reconsider. The motion to reconsider was directly related to the court's denial of the motion to vacate. Again, no purpose in bringing up the petition for rule at that juncture. Now, what should be particularly instructive to this court is that at the time that the order was entered terminating Mary's maintenance, Mary did not appear in court and Mary was not represented by counsel at that time. Daniel had unfettered access to the court and could have sought or entered any order he saw fit. He didn't do so. And so for them to now say that this is abandoned, where we have taken the great lengths to pursue our claims to this court to this day, I think is an indication that there is no intention to abandon the issues in this case. Further, the type of analysis that Mr. Stormer urges you to enact for a determination as to whether an issue has been abandoned or is moot is, again, a cumbersome process. And why, what policy purpose would be served or advanced by asking appellate courts to make a determination as to that when there are mechanisms, as you have all pointed out, for the trial court to determine whether or not a motion is still pending. And your Honor is correct. Lake County does have a circuit court rule that requires motions to be called and gives discretion to the trial court to dismiss motions that are not called for hearing within 90 days. Again, discretionary, no action in this case was ever taken. And in all candor, our efforts have been directed at this appeal rather than pursuing the petition for rule at that juncture. With respect to, I would agree with Mr. Storm, with respect to the fact that 304A does provide the tools that the trial court needs to govern the appealability of issues. And it's the trial court that is in the best position to determine when you have multiple post-decree claims pending, which of those issues are severable and which are not. And that is entirely consistent with what has been the practice and what should remain the practice. The issue that we urge this court to take up is that in the absence of that 304A finding, where there's a petition for rule that's pending, that petition for rule must be considered a claim. And for that reason, there has to be a 304A finding if the petition for rule is unresolved prior to it being a final and appealable order. And we're asking that you reverse the court's decision in Guttman and find that the appeal was premature and remand this to the, with instructions to the district court. Thank you. Thank you, Counsel.